[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issues presented to the Court are:
(1) Whether an incarcerated prisoner has a liberty interest cognizable by petition for writ of habeas corpus in supervised home release ("SHR"), and if so,
(2) Whether a statutory bar to availability of SHR enacted and effective subsequent to the date of a petitioner's commission of the offense but prior to his conviction and sentencing therefor is as to him a constitutionally impermissible ex post facto law.
The matter has arisen by virtue of Respondent's motion to quash pursuant to P.B. Sec. 532. Because the Court rules in the negative on the first issue, it is unnecessary to rule on the ex post facto issue.
CT Page 10355 A motion to quash pursuant to P.B. Sec. 532 is the counterpart of a motion to strike under P.B. Sec. 152, and similarly tests the legal sufficiency of the allegations pleaded. Pi v. Delta, 175 Conn. 527 (1978); Moller Horton, Connecticut Practice Book Annotated, Sec. 532, authors' comments and cases cited.
The Amended Petition alleges in relevant part that on or about November 16, 1989 Petitioner pleaded guilty to charges of manslaughter in the first degree (C.G.S. Sec. 53a-55) and assault in the second degree (C.G.S. Sec. 53a-60), which offenses were committed prior to August 8, 1988; that in January 1990 he was sentenced therefor to a total effective sentence of six years incarceration, to be served consecutively to the sentence he was then serving; and that pursuant to an administrative directive, policy and/or statute which was not in effect at the time of his subject offense, Respondent and his agents have denied Petitioner the right to be considered for SHR under C.G.S. Sec. 18-100b.
The relevant "administrative directive, policy and/or statute" are set out in Guida v. Commissioner of Corrections,221 Conn. 402 (1992). C.G.S. Sec. 18-100(e) authorizes the commissioner of correction, under the conditions therein set forth, to transfer a person to an approved community residence. Subsequent to the alleged date of the subject offense, Public Act 89-383 amended C.G.S. Sec. 18-100b to eliminate from eligibility for such transfer persons convicted of a violation of C.G.S. Sec. 53a-55. Department policy was correspondingly so modified. Petitioner by virtue of his conviction under C.G.S. Sec. 53a-55 is thereby ineligible for transfer to SHR both by statute and department policy.
At the outset, the Court notes that the issues here presented have been the subject of numerous recent litigation in the Superior Court. These cases and one relevant Connecticut federal court case are listed in the Appendix hereto. Copies of these unreported decisions are annexed to Respondent's brief in support of its motion herein. The ruling herein is consistent with the rationale of these decisions.
The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Vincenzo v. CT Page 10356 Warden, 26 Conn. 132, 137 (1991), citing Fay v. Noia,372 U.S. 391, 402 (1963). For a claim of illegal detention to be cognizable in a habeas action, it must implicate a constitutionally or statutorily created liberty interest. Id., 138. If no such liberty interest is so implicated, the habeas court lacks jurisdiction over the subject matter. Id., 133. Vincenzo held that there was no such liberty interest in parole release. Id., 143.
Asherman v. Meacham, 213 Conn. 38 (1989) held that a prisoner has no constitutionally derived liberty interest in SHR. In so ruling, our Supreme Court determined that SHR involves a lesser liberty interest than parole release, noting that the status of a person on SHR closely resembles that of a person confined in a minimum security correctional institution, as he remains under the supervision of the department, similar to any incarcerated inmate, and absconding constitutes the new crime of escape. Id., 48.
Asherman left open the question of whether SHR implicates a statutorily created liberty interest. This question was decided in the negative by the District Court in the federal habeas sequel to Asherman, Asherman v. Meachum,739 F. Sup. 718 (D.Conn. 1990). The District Court's reasoning, focusing on the statutory discretion afforded to the department in SHR revocation, is equally persuasive in connection with the statutory discretion afforded to the department in granting SHR. It was on the ground of this discretion that Smith v. Liburdi, 26 Conn. App. 254, 258-59
(1991), held that there is no constitutional or statutory entitlement to SHR sufficient to involve due process.
Accordingly, as an incarcerated prisoner does not have a liberty interest in SHR cognizable in habeas, the petition fails to state a legally sufficient claim.
The relief requested by Petitioner is that Respondent be ordered to consider Petitioner for SHR without application of the present prohibition of C.G.S. Sec. 18-100b(a) and related regulations. The present statute as amended by P.A. 89-383, evinces a legislative intent that the seriousness of the listed crimes negate eligibility for SHR. It was conceded at this hearing that even if the Court should order the relief requested, Respondent could validly deny SHR on the basis of the seriousness of the crime involved, and in so doing refer CT Page 10357 to that legislative intent. This does not rise to the level of a liberty interest cognizable in habeas.
The motion to quash is granted.
BY THE COURT,
David L. Fineberg, J. Superior Court Judge
APPENDIX
CONNECTICUT SUPERIOR COURT
Wylie v. Warden, JD Tolland, July 24, 1992 — Sferrazza, J. On Appeal
Carrero v. Warden, JD Tolland, January 3, 1992 — Scheinblum, J.
Guida v. Commissioner, JD Tolland, January 11, 1991 — Scheinblum, J. Affirmed: Guida v. Commissioner, 221 Conn. 402 (1992).
Schildge v. Commissioner, JD New London, July 31, 1991 — Axelrod, J.
Buster v. Bonzagni, JD New Haven, April 5, 1991 — Fracasse, J.
Adams v. Meachum, JD New Haven, August 13, 1992 — DeMayo, J.
Jutasy v. Commissioner, JD Hartford-New Britain, May 27, 1992 — Burns, J.
Temelsiz v. Warden, JD Fairfield, June 1, 1990 — Thim, J.
UNITED STATES DISTRICT COURT, CONNECTICUT
Asherman v. Meachum, 739 F. Sup. 718 (D.Conn. 1990) Order sustaining petition on unrelated grounds reversed, Asherman v. Meachum, 957 F.2d 978 (2nd Cir. 1992). CT Page 10358